UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DAVID ALAN MOONEYHAM,

        Petitioner,        2:14-cv-01046-AA

        v.                ORDER

MARK NOOTH,

        Respondent.

Aiken, District Judge.

Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to a judgment from the Deschutes County Circuit Court after convictions for one count of Sexual Abuse in the First Degree and two counts of Attempted Sexual Abuse in the First Degree. Exhibit 101. After petitioner entered a plea of "guilty by way of *Alvord* plea," the court imposed a sentence of 75 months on the count of Sexual Abuse, and consecutive 43-month sentences for each of the counts of Attempted Sexual Abuse. *Id*.

1 - ORDER

Petitioner appealed, but then voluntarily dismissed his appeal and did not seek review from the Oregon Supreme Court. Exhibits 106 - 108.

Petitioner filed a petition for post-conviction relief, but the Malheur County Circuit Court dismissed the petition without prejudice. Exhibit 111.

Petitioner filed a second Petition for Post-Conviction Relief, which the Malheur County Circuit Court denied. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 132 - 137.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging four claims for relief. Petition (#1).

Respondent now moves to deny petitioner's petition on the ground that petitioner procedurally defaulted Grounds Two - Four, and that the claim alleged in Ground One was was denied in a decision that was neither "contrary to," nor an "unreasonable application of," United States Supreme Court precedent. Response to Petition (#12) p. 2. Respondent also argues that petitioner's claims should be denied on the merits. *Id.*

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the

2 - ORDER

state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial

3 - ORDER

disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In this case, petitioner alleges four grounds for relief: Ground One - ineffective assistance of counsel; Ground Two - conviction obtained by use of a coerced confession; Ground Three - cruel and unusual punishment / disproportionate punishment; and, Ground Four - ORS 137.719 is a "bad law."

Petitioner voluntarily dismissed his direct appeal and alleged a single claim of ineffective assistance of counsel in his petition for post-conviction relief. Therefore the claims alleged in Grounds Two - Four have never been fairly presented to Oregon's appellate courts.

Because petitioner did not fairly present the claims alleged in Grounds Two - Four to Oregon's highest court, and

4 - ORDER

the time for presenting new claims is past,[1] the claims alleged in Ground Two - Four are procedurally defaulted. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Accordingly, the claims in Grounds Two - Four are not properly before the court and are denied.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court

---

[1] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. See also, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two

components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test requires the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

Petitioner entered an *Alvord* plea in which the "parties stipulate[ed] out of life sentence pursuant to [ORS

7 - ORDER

137.719(2)." Exhibit 103, p. 3. Specifically, the parties agreed to a term of 180 months (15 years) with credit for time served and for the sentence to be served concurrent to the sentence he was then serving. *Id.* at Ex. 1. As was discussed by the parties at the time of the plea and sentencing hearing in the trial court, as well as the post-conviction proceeding, the purpose of the plea agreement was to take the "sentence stipulated by the parties - out of ORS 137.719, which is a presumptive life sentence ... ." Exhibit 104, p. 2. After a lengthy colloquy, the trial court accepted the pleas and ultimately sentenced petitioner to the agreed upon term. *Id.* at 3-9; Exhibit 105, p. 3-6.

In his post-conviction proceeding petitioner argued that he could not be subject to ORS 137.719's potential life sentence because, while he had been sentenced to two prior qualifying sexual crimes, at least one of the crimes occurred, chronologically, after the crime for which he faced the potential ORS 137.719 sentence. Petitioner alleged that his counsel was ineffective, but did "nothing to challenge the imposition of the enhanced sentence and failed to verify the use of the predicates used to support ORS 137.719" Exhibit 112 p. 3. Petitioner alleged that he was prejudiced because he entered an *Alvord* plea on the premise that he could face sentencing under ORS 137.719.

8 - ORDER

The post-conviction court denied relief, finding that ORS 137.719 provides that predicate offenses occur based upon whether an offender was previously *sentenced* and specifically "doesn't talk about when the acts occurred, it talks about when they were sentenced * * * so the language of it is geared toward sentencing not geared toward the chronology of when the events occurred." Exhibit 130 p. 21.

Petitioner appealed *via* a *Balfour Brief*. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

In Ground One, petitioner alleges that trial counsel was ineffective for failing to "argue the fact that the crime he was being sentenced on, had been committed before there were any predicates used to uphold a sentence under ajny enhanced sentencing statutes." Petition (#1) p, 6.

Implicit in petitioner's argument is the acknowledgment that there was a potential that he could have received a life sentence under ORS 137.791. Petitioner's understanding of the statute is consistent with the post-conviction court's finding and trial counsel reading of the statute. Exhibit 130 p. 21-22. Because of this potential, petitioner requested that his counsel negotiate the case in order to receive less than life. Exhibit 120. Counsel secured a plea deal which resulted in a sentence outside of the presumptive life sentence he could

9 - ORDER

have received under ORS 137.719.

Although plaintiff may believe that ORS 137.719 is "bad law", the plain language of the statute dictates that he could have been sentenced to a life term under ORS 137.719 for his third sexual offense. Petitioner avoided a life sentence through a plea agreement that he requested counsel to negotiate.

A plea is valid if it represents a voluntary and intelligent choice among alternative courses of action open to the defendant. Hill v. Lockhart, 474 U.S. 52, 56 (1985). When a plea is subsequently challenged in a collateral proceeding, a presumption of verity is given to the plea proceeding record. Blackridge v. Allison, 431 U.S. 73, 74 (1977).

In this case, the trial court engaged petitioner in a lengthy colloquy in order to ensure that the plea was petitioner's voluntary choice,. Exhibit 104, p. 4-9. Petitioner acknowledged that pursuant to the *Alvord* plea, he did not wish to admit the underlying facts but did want to take advantage of the negotiated plea. The plea proceeding record establishes that petitioner's plea was knowing and voluntary, and intelligent, and that counsel's action in negotiating the plea to avoid a life sentence was reasonable and not ineffective assistance of counsel.

The post conviction court finding that petitioner's counsel was not ineffective is neither contrary to, nor an unreasonable application of clearly established supreme court precedent and is supported by the record.

Based on all of the foregoing, petitioner's Petition (#1) is denied. The Clerk of the Court is directed to enter a judgment dismissing this proceeding.

IT IS SO ORDERED.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a constitutional right.* See *28 U.S.C. § 2253(c)(2).*

DATED this 6th day of April, 2015.

                                      _____
                                      Ann Aiken
                                      United States District Judge

11 - ORDER